IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTY LOU DAWSON                                                                                    PLAINTIFF

vs.                                        Civil No. 4:10-cv-04178

MICHAEL J. ASTRUE                                                                                     DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Christy Lou Dawson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 3.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.   **Background:**

Plaintiff filed her disability applications on July 15, 2008. (Tr. 8, 100-107). In her applications, Plaintiff alleged she was disabled due to neck and back problems from a car accident and seizures. (Tr. 115). She claimed the following regarding her limitations: "I can't sit or stand for very long. I can't walk for long. I can't bend over and pickup over 10 lbs. I have pain most of the

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

time. I wake up and go to sleep with pain. I have sharp pains I my head." *Id.* Plaintiff alleged an onset date of November 16, 2006. (Tr. 8, 115). These applications were denied initially and again on reconsideration. (Tr. 35-38).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 52-71). An administrative hearing was held on July 8, 2009 in Texarkana, Arkansas. (Tr. 16-34). At the administrative hearing, Plaintiff was present and was represented by Russell Bern. *Id.* Plaintiff and Vocational Expert ("VE") Vance Sales testified at this hearing. *Id.* On the date of this hearing, Plaintiff forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed the ninth grade in school and had obtained her CNA license. (Tr. 21-23).

On September 30, 2009, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 8-14). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2008. (Tr. 10, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 16, 2006, her alleged onset date. (Tr. 10, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease and seizure disorder. (Tr. 10, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 10-11, Finding 4).

The ALJ then evaluated Plaintiff's RFC. (Tr. 11-13, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ found Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except environmentally is restricted from work around unprotected heights, moving machinery, and working with automotive equipment.

*Id.* According to 20 C.F.R. §§ 404.1567(b) and 416.967(b), "light work" is defined as follows:

> Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined her PRW included work as a waitress. (Tr. 13-14, Finding 6). Based upon her RFC, the ALJ determined Plaintiff retained the capacity to perform her PRW as a waitress. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from November 16, 2006 through the date of his decision or through September 30, 2009. (Tr. 14, Finding 7).

On November 12, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 97-99). *See* 20 C.F.R. § 404.968. On November 9, 2010, the Appeals Council declined to review this disability determination. (Tr. 1-3). On December 7, 2010, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 6-7. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the

claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (A) substantial evidence does not support the ALJ's RFC determination; (B) substantial evidence does not support the ALJ's PRW determination; and (C) substantial evidence does not support the ALJ's disability determination. ECF No. 6 at 1-5.  In response, Defendant argues that substantial evidence supports the ALJ's findings, including his RFC finding, PRW finding, and disability finding.  ECF No. 7 at 6-16.  Upon review, even though it appears Plaintiff raises three arguments, the only issue briefed is whether the ALJ's RFC determination is supported by substantial evidence in the record. Accordingly, this Court will only address Plaintiff's first claim.  *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" appellant's conclusory assertion regarding the ALJ's disability determination where appellant provided no analysis of relevant law or facts).

Plaintiff claims the ALJ erred in his RFC determination.  ECF No. 6 at 2-5.  Primarily, Plaintiff argues the ALJ erred in considering her back and neck pain.  *Id.*  Plaintiff references several of her medical records which are dated after her alleged onset date and which she claims establish she

5

suffers from disabling back pain. *Id.* These records are as follows: Tr. 205-206, Tr. 221, Tr. 223, Tr. 229, Tr. 236, Tr. 276, Tr. 284, Tr. 288, Tr. 308, and Tr. 319.

Upon review, these records do establish Plaintiff suffers from some level of neck and back pain, but there is no indication this pain precludes Plaintiff from perform a wide range of light work. On November 6, 2006, she was found to have a "normal" cervical spine. (Tr. 223). On February 14, 2007, Plaintiff reported leg and knee pain, but there is no indication how severe the pain was. The report from July 27, 2007 states Plaintiff suffers from "lower back and neck pain, more musculoskeletal" and has "a history of back problems, but really nothing serious." (Tr. 206). Interestingly, this report states Plaintiff injured her back while "pulling on some feed." *Id.* An MRI of her lumbar spine that was done on September 20, 2007 found only "mild disk and moderate facet disease without resulting central canal or foraminal stenosis at any level." (Tr. 221, 284).

On January 17, 2008, Plaintiff reported hip, back, and leg pain which resulted from falling "in a hole." (Tr. 229). On September 11, 2008, Plaintiff again presented with back and neck pain, but the severity of the pain is unclear. (Tr. 276). On November 11, 2008, Plaintiff was found to have a "small left paracentral disc protrusion at L5-S1" but, otherwise, the MRI of the lumbar spine was found to be "normal." (Tr. 288). On October 7, 2008, Plaintiff presented with back and chest pain after falling off a four-wheeler. (Tr. 308). On December 8, 2009, Plaintiff again presented with back pain, but there is no indication as to the severity of that pain. Based upon these records, this Court finds that substantial evidence to support the ALJ's determination that Plaintiff retains the RFC to perform a wide range of light work.

Further, in part of her briefing, it appears Plaintiff also questions whether the ALJ's *Polaski* determination was sufficient. ECF No. 6 at 4. In assessing the credibility of a claimant, the ALJ is

required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).

As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v.*

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*. After listing the factors and discussing them, the ALJ noted several inconsistences. Importantly, the ALJ found the following: "[T]he claimant's treatment records reflect that she has injured or aggravated her back impairment on multiple occasions since her alleged onset date by engaging in activities she has stated she has been unable to engage in." (Tr. 13). Such a finding is supported by the record. Plaintiff's alleged onset date is November 16, 2006. (Tr. 8). Subsequent to her alleged onset date, on July 27, 2007, Plaintiff reportedly injured her back while "pulling on some feed." (Tr. 206). On October 7, 2008, Plaintiff reportedly injured her back after falling off a four-wheeler. (Tr. 308). Such activity is clearly inconsistent with her alleged level of disability. Accordingly, this Court finds the ALJ's credibility determination is also supported by substantial evidence in the record.

### 4.     Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and **AFFIRMS** the decision of the SSA. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of December, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE